1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-2576-CRB
    _____  )
21  This document relates to           )
                                       )   **PFIZER INC., PHARMACIA**
22  MIKE TAYLOR, Individually and for the Estate of  )   **CORPORATION, AND G.D.**
    MARY KATHLEEN TAYLOR, Deceased,    )   **SEARLE LLC'S ANSWER TO**
                                       )   **COMPLAINT**
23                  Plaintiff,         )
                                       )   **JURY DEMAND ENDORSED**
24          vs.                        )   **HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION,  )
    and G.D. SEARLE LLC, (FKA G.D. SEARLE &  )
26  CO.),                              )
                                       )
27                  Defendants.        )
                                       )
28  _____

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Decedent was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.   Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Decedent was prescribed and used Celebrex®.

11   **II.**

12   **ANSWER**

13   Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15   that Plaintiff is entitled to any relief or damages.   Defendants admit that, during certain periods

16   of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.   Defendants admit that, during certain periods of time,

19   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.   Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.   Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

27   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Response to Allegations Regarding Parties

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, marital status, and whether Plaintiff represents the Estate of Mary Kathleen Taylor, Deceased, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Texas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare

2   providers who are by law authorized to prescribe drugs in accordance with their approval by the

3   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4   5.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

6   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9   Celebrex® in the United States to be prescribed by healthcare providers who are by law

10  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

12  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

16  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

19  Celebrex® in the United States to be prescribed by healthcare providers who are by law

20  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

21  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

22  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

23  adequately described in its FDA-approved prescribing information, which was at all times

24  adequate and comported with applicable standards of care and law.  Defendants deny any

25  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26  7.      Defendants state that the allegations in this paragraph of the Complaint regarding

27  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

28  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

-4-

1   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

3   8.       Defendants are without knowledge or information to form a belief as to the truth of the

4   allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's citizenship

5   and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

6   Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000,

7   exclusive of interests and costs.

8   9.       Defendants are without knowledge or information to form a belief as to the truth of the

9   allegations in this paragraph of the Complaint regarding the judicial district in which the

10  asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

11  was and is safe and effective when used in accordance with its FDA-approved prescribing

12  information.  Defendants deny committing a tort in the State of Texas or the State of California

13  and deny the remaining allegations in this paragraph of the Complaint.

14  10.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Celebrex® in the United States, including Hawaii and California, to be

16  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

17  with their approval by the FDA.  Defendants admit that, during certain periods of time,

18  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

19  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

20  providers who are by law authorized to prescribe drugs in accordance with their approval by the

21  FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

22  the States of Hawaii, Texas, and California.   Defendants state that the allegations in this

23  paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.

24  Defendants are without knowledge or information sufficient to form a belief as to the truth of

25  such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the State

26  of Hawaii, the State of Texas, or the State of California and deny the remaining allegations in

27  this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

2    11.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

5    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

6    Panel on Multidistrict Litigation on September 6, 2005.

7    **Response to Factual Allegations**

8    12.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

10   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   13.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding Decedent's medical

14   condition or whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state

15   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

16   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

17   adequately described in its FDA-approved prescribing information, which was at all times

18   adequate and comported with applicable standards of care and law.  Defendants deny that

19   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

20   paragraph of the Complaint.

21   14.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

23   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny the remaining allegations in this

28   paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

19.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-

1    approved prescribing information.  Defendants state that the potential effects of Celebrex®

2    were and are adequately described in its FDA-approved prescribing information, which was at

3    all times adequate and comported with applicable standards of care and law.  Defendants deny

4    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

5    23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

6    Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

7    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

8    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

9    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

10   reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

11   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

12   the remaining allegations in this paragraph of the Complaint.

13   24.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

14   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

15   Celebrex® in the United States to be prescribed by healthcare providers who are by law

16   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

17   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

18   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

19   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20   accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

21   and effective when used in accordance with its FDA-approved prescribing information.

22   Defendants state that the potential effects of Celebrex® were and are adequately described in its

23   FDA-approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   25.    Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text.  Any attempt to characterize the article is

28   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

2  this paragraph of the Complaint.

3  26.    Defendants state that the referenced article speaks for itself and respectfully refer the

4  Court to the article for its actual language and text.  Any attempt to characterize the article is

5  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

7  this paragraph of the Complaint.

8  27.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

9  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

10  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

11  used in accordance with its FDA-approved prescribing information.  Defendants state that the

12  potential effects of Celebrex® were and are adequately described in its FDA-approved

13  prescribing information, which was at all times adequate and comported with applicable

14  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

15  Complaint.

16  28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

28  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

characterize it is denied. Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.     Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

37.      Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.      Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.      Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.      Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.      Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

42.      Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

43.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  remaining allegations in this paragraph of the Complaint.

2  49.    Defendants state that the referenced article speaks for itself and respectfully refer the

3  Court to the article for its actual language and text.  Any attempt to characterize the article is

4  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5  50.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

6  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

7  therefore lack sufficient information or knowledge to form a belief as to the truth of such

8  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

9  themselves and respectfully refer the Court to the studies for their actual language and text.

10  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  51.    Defendants state that the referenced Medical Officer Review speaks for itself and

13  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16  52.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

17  are not directed toward Defendants, and therefore no response is required.  To the extent that a

18  response is deemed required, Plaintiff fails to provide the proper context for the allegations in

19  this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

20  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

21  such allegations and, therefore, deny the same.  Defendants state that the referenced study

22  speaks for itself and respectfully refer the Court to the study for its actual language and text.

23  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  53.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

26  Complaint are not directed toward Defendants, and therefore no response is required.  To the

27  extent that a response is deemed required, Plaintiff fails to provide the proper context for the

28  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

56.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants deny the allegations in this paragraph of the Complaint.

59.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

60.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

respectfully refer the Court to the letters for their actual language and text. Any attempt to characterize the letters is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

71.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny the allegations in this paragraph of the Complaint.

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the
2 remaining allegations in this paragraph of the Complaint.

3 80.    Defendants state that Celebrex® was and is safe and effective when used in accordance
4 with its FDA-approved prescribing information.  Defendants state that the potential effects of
5 Celebrex® are and were adequately described in its FDA-approved prescribing information,
6 which was at all times adequate and comported with applicable standards of care and law.
7 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
8 the Complaint.

9 81.    Defendants state that Celebrex® was and is safe and effective when used in accordance
10 with its FDA-approved prescribing information.  Defendants state that the potential effects of
11 Celebrex® are and were adequately described in its FDA-approved prescribing information,
12 which was at all times adequate and comported with applicable standards of care and law.
13 Defendants state that the referenced study speaks for itself and respectfully refer the Court to
14 the study for its actual language and text.  Any attempt to characterize the study is denied.
15 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
16 the Complaint.

17 82.    Defendants deny any wrongful conduct and deny the remaining allegations in this
18 paragraph of the Complaint.

19 83.    Defendants are without knowledge or information sufficient to form a belief as to the
20 truth of the allegations in this paragraph of the Complaint regarding whether Decedent used
21 Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
22 effective when used in accordance with its FDA-approved prescribing information.  Defendants
23 state that the potential effects of Celebrex® are and were adequately described in its FDA-
24 approved prescribing information, which was at all times adequate and comported with
25 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
26 remaining allegations in this paragraph of the Complaint.

27 **Response to First Cause of Action: Negligence**

28 84.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

1    Complaint as if fully set forth herein.

2    85.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that they had duties as are imposed by law but deny having breached such duties.

5    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

6    FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   86.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is required.  To the extent that a response is deemed required, Defendants

13   admit that they had duties as are imposed by law but deny having breached such duties.

14   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

15   FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   87.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint, including all subparts.

28   88.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

ANSWER TO COMPLAINT – 3:06-cv-2576-CRB

truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's medical conditions and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2 Complaint.

3 93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

4 Decedent injury or damage, and deny the remaining allegations in this paragraph of the

5 Complaint.

6 **Response to Second Cause of Action: Strict Liability**

7 94.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8 Complaint as if fully set forth herein.

9 95.    Defendants are without knowledge or information sufficient to form a belief as to the

10 truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

11 Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

12 time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

13 prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14 with their approval by the FDA.    Defendants admit that, during certain periods of time,

15 Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16 promoted and distributed Celebrex® in the United States to be prescribed by healthcare

17 providers who are by law authorized to prescribe drugs in accordance with their approval by the

18 FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

19 consumers without substantial change from the time of sale.  Defendants deny the remaining

20 allegations in this paragraph of the Complaint.

21 96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22 with its FDA-approved prescribing information.  Defendants state that the potential effects of

23 Celebrex® were and are adequately described in its FDA-approved prescribing information,

24 which was at all times adequate and comported with applicable standards of care and law.

25 Defendants deny the remaining allegations in this paragraph of the Complaint.

26 97.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27 with its FDA-approved prescribing information.  Defendants state that the potential effects of

28 Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

3    remaining allegations in this paragraph of the Complaint.

4    98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

9    remaining allegations in this paragraph of the Complaint, including all subparts.

10   99.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

12   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   state that the potential effects of Celebrex® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17   Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

18   and deny the remaining allegations in this paragraph of the Complaint.

19   100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24   remaining allegations in this paragraph of the Complaint.

25   101.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

27   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-
2  approved prescribing information, which was at all times adequate and comported with
3  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
4  Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,
5  and deny the remaining allegations in this paragraph of the Complaint.

6  102.    Defendants state that Celebrex® was and is safe and effective when used in accordance
7  with its FDA-approved prescribing information.  Defendants state that the potential effects of
8  Celebrex® were and are adequately described in its FDA-approved prescribing information,
9  which was at all times adequate and comported with applicable standards of care and law.
10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
11  the Complaint.

12  103.    Defendants are without knowledge or information sufficient to form a belief as to the
13  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used
14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
15  effective when used in accordance with its FDA-approved prescribing information.  Defendants
16  state that the potential effects of Celebrex® were and are adequately described in its FDA-
17  approved prescribing information, which was at all times adequate and comported with
18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
19  Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations
20  in this paragraph of the Complaint.

21  104.    Defendants state that Celebrex® was and is safe and effective when used in accordance
22  with its FDA-approved prescribing information.  Defendants state that the potential effects of
23  Celebrex® were and are adequately described in its FDA-approved prescribing information,
24  which was at all times adequate and comported with applicable standards of care and law.
25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
26  the Complaint.

27  105.    Defendants are without knowledge or information sufficient to form a belief as to the
28  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

112. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Fourth Cause of Action: Breach of Implied Warranty

119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

120.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-
ANSWER TO COMPLAINT – 3:06-cv-2576-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

2      131.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3      Complaint as if fully set forth herein.

4      132.    Defendants state that this paragraph of the Complaint contains legal contentions to

5      which no response is required.  To the extent that a response is deemed required, Defendants

6      admit that they had duties as are imposed by law but deny having breached such duties.

7      Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8      FDA-approved prescribing information.  Defendants state that the potential effects of

9      Celebrex® were and are adequately described in its FDA-approved prescribing information,

10     which was at all times adequate and comported with applicable standards of care and law.

11     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12     the Complaint.

13     133.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14     with its FDA-approved prescribing information.  Defendants state that the potential effects of

15     Celebrex® were and are adequately described in its FDA-approved prescribing information,

16     which was at all times adequate and comported with applicable standards of care and law.

17     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18     the Complaint, including all subparts.

19     134.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20     with its FDA-approved prescribing information.  Defendants state that the potential effects of

21     Celebrex® were and are adequately described in its FDA-approved prescribing information,

22     which was at all times adequate and comported with applicable standards of care and law.

23     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24     the Complaint.

25     135.    Defendants are without knowledge or information sufficient to form a belief as to the

26     truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

27     Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28     effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

136.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3   remaining allegations in this paragraph of the Complaint.

4   143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

5   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6   Complaint.

7   144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

8   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9   Complaint.

10  145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

11  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

12  Complaint.

13  **Response to Sixth Cause of Action: Unjust Enrichment**

14  146.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

15  Complaint as if fully set forth herein.

16  147.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

18  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

19  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

20  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

21  Celebrex® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

23  the remaining allegations in this paragraph of the Complaint.

24  148.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

26  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  149.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

153.    Answering the second Paragraph 158 in the Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

154.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  admit that they had duties as are imposed by law but deny having breached such duties.

2  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  155.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

5  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  156.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

13  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

18  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

19  157.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

21  same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  158.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

24  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

the Complaint.

159.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## IV.

2

## **AFFIRMATIVE DEFENSES**

3       Defendants reserve the right to rely upon any of the following or additional defenses to

4   claims asserted by Plaintiff to the extent that such defenses are supported by information

5   developed through discovery or evidence at trial.  Defendants affirmatively show that:

6

### **First Defense**

7   1.      The Complaint fails to state a claim upon which relief can be granted.

8

### **Second Defense**

9   2.      Celebrex® is a prescription medical product.  The federal government has preempted

10  the field of law applicable to the labeling and warning of prescription medical products.

11  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

12  federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

13  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

14  and violate the Supremacy Clause of the United States Constitution.

15

### **Third Defense**

16  3.      At all relevant times, Defendants provided proper warnings, information and

17  instructions for the drug in accordance with generally recognized and prevailing standards in

18  existence at the time.

19

### **Fourth Defense**

20  4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

21  Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

22  knowledge at the time the drug was manufactured, marketed and distributed.

23

### **Fifth Defense**

24  5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the

25  applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

26

### **Sixth Defense**

27  6.      Plaintiff's action is barred by the statute of repose.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Seventh Defense**

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff or Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the subject pharmaceutical product at issue was subject to and received pre-market approval by

2    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

3                           **Twenty-second Defense**

4    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

5    Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

6    and Plaintiff's causes of action are preempted.

7                            **Twenty-third Defense**

8    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

9    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

10   issue under applicable federal laws, regulations, and rules.

11                           **Twenty-fourth Defense**

12   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

13   action concerning matters regulated by the Food and Drug Administration under applicable

14   federal laws, regulations, and rules.

15                           **Twenty-fifth Defense**

16   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

17   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

18   of Comment j to Section 402A of the Restatement (Second) of Torts.

19                           **Twenty-sixth Defense**

20   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

21   because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

22   Restatement (Second) of Torts § 402A, Comment k.

23                          **Twenty-seventh Defense**

24   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

25   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

26   to § 6 of the Restatement (Third) of Torts: Products Liability.

27                           **Twenty-eighth Defense**

28   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-42-

Products Liability.

## Twenty-ninth Defense

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

## Thirtieth Defense

30.     Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Texas and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

## Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

## Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

## Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

## Thirty-fifth Defense

35.     Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

## Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Texas and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

1   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

2   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

4   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

5   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

6   instructions with respect to the product's use in the package insert and other literature, and

7   conformed to the generally recognized, reasonably available, and reliable state of the

8   knowledge at the time the product was marketed.

### Fortieth Defense

10   40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

11   tested, manufactured and labeled in accordance with the state-of-the art industry standards

12   existing at the time of the sale.

### Forty-first Defense

14   41.    If Plaintiff or Decedent has sustained injuries or losses as alleged in the Complaint,

15   upon information and belief, such injuries and losses were caused by the actions of persons not

16   having real or apparent authority to take said actions on behalf of Defendants and over whom

17   Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21   intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23   43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24   waiver, and/or estoppel.

### Forty-fourth Defense

26   44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the

27   result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

28   diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and Decedent, and were independent of or far removed from Defendants' conduct.

2   **Forty-fifth Defense**

3   45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

4   did not proximately cause injuries or damages to Plaintiff or Decedent.

5   **Forty-sixth Defense**

6   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

7   and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

8   **Forty-seventh Defense**

9   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10  manufacturing, labeling, packaging, and any advertising of the product complied with the

11  applicable codes, standards and regulations established, adopted, promulgated or approved by

12  any applicable regulatory body, including but not limited to the United States, any state, and

13  any agency thereof.

14  **Forty-eighth Defense**

15  48.    The claims must be dismissed because Plaintiff and Decedent would have taken

16  Celebrex® even if the product labeling contained the information that Plaintiff contends should

17  have been provided.

18  **Forty-ninth Defense**

19  49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

20  outweighed its risks.

21  **Fiftieth Defense**

22  50.    Plaintiff's damages, if any, are barred or limited by the payments received from

23  collateral sources.

24  **Fifty-first Defense**

25  51.    Defendants' liability, if any, can only be determined after the percentages of

26  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

27  any, are determined.    Defendants seek an adjudication of the percentage of fault of the

28  claimants and each and every other person whose fault could have contributed to the alleged

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

injuries and damages, if any, of Plaintiff and Decedent.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.     Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 3338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.     Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 82.007.

### Fifty-ninth Defense

59.    Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 82.003.

### Sixtieth Defense

60.    Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Sixty-first Defense

61.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendants, and responsible third-party that may be joined in the suit.

### Sixty-second Defense

62.    If Plaintiff settles with any other person or entity, then Defendants reserve the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Sixty-third Defense

63.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-fourth Defense

64.    Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

### Sixty-fifth Defense

65.    Plaintiff's claims are barred by Plaintiff's and Decedent's failure to comply with conditions precedent to the right to recover.

### Sixty-sixth Defense

66.    Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Decedent was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Decedent gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

### Sixty-seventh Defense

67.    The duty to obtain Decedent's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-eighth Defense

68.    Plaintiff may not assert a claim against Defendants for negligent misrepresentation as Plaintiff and Decedent did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

### Sixty-ninth Defense

69.    Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendants.

### Seventieth Defense

70.    Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff or Decedent relied did not constitute a misrepresentation of material facts.

### Seventy-first Defense

71.    Plaintiff's claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

**Seventy-second Defense**

72.    Plaintiff's claims for breach of warranty are barred in whole or in part because Plaintiff and Decedent are not in privity with Defendants.

**Seventy-third Defense**

73.    Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Seventy-fourth Defense**

74.    Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Seventy-fifth Defense**

75.    Plaintiff has failed to allege conduct warranting imposition of punitive damages under Texas law.

**Seventy-sixth Defense**

76.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Seventy-seventh Defense**

77.    Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

**Seventy-eighth Defense**

78.    Because of the lack of clear standards, the imposition of punitive damages against Defendants is unconstitutionally vague and/or overbroad.

**Seventy-ninth Defense**

79.    No act or omission of Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Eightieth Defense**

80.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing from Defendants by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  July 24, 2007                                      GORDON & REES LLP

2

3                                                     By: _____/s/_____

4                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
5                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
6                                                         San Francisco, CA 94111
                                                          Telephone:  (415) 986-5900
7                                                         Fax:  (415) 986-8054

8  July 24, 2007                                      TUCKER ELLIS & WEST LLP

9

10                                                    By: _____/s/_____

11                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
12                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA 90071
13                                                        Telephone:  (213) 430-3400
                                                          Fax:  (213) 430-3409
14
                                                          Attorneys for Defendants
15                                                        PFIZER INC, PHARMACIA
                                                          CORPORATION, and G.D. SEARLE
16                                                        LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

July 30, 2007                                    GORDON & REES LLP


                                                By: _____/s/_____
                                                    Stuart M. Gordon
                                                    sgordon@gordonrees.com
                                                    Embarcadero Center West
                                                    275 Battery Street, 20th Floor
                                                    San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
                                                    Fax:  (415) 986-8054

July 30, 2007                                    TUCKER ELLIS & WEST LLP


                                                By: _____/s/_____
                                                    Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071
                                                    Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

                                                    Attorneys for Defendants
                                                    PFIZER INC, PHARMACIA
                                                    CORPORATION, and G.D. SEARLE
                                                    LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:06-cv-2576-CRB